# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1384
_____

United States of America,

*Plaintiff - Appellee*,

v.

William Corbine, also known as William Tate Corbine,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the District of South Dakota - Western
_____

Submitted: March 16, 2026
Filed: July 17, 2026
[Unpublished]
_____

Before COLLOTON, Chief Judge, GRUENDER and KOBES, Circuit Judges.
_____

PER CURIAM.

In 2017, William Corbine pleaded guilty to aiding and abetting an assault on a federal officer and the discharge of a firearm during the commission of a crime of violence. In 2024, Corbine moved for a sentence reduction based on an amendment to the sentencing guidelines that reduced the number of criminal history points scored

for defendants who commit an offense while serving any criminal justice sentence. The district court[*] concluded Corbine was eligible for a reduction, but denied the motion based on Corbine's criminal history, the circumstances and seriousness of the offense, and disciplinary violations that Corbine incurred while serving his current sentence. Corbine appeals, and we affirm.

I.

When Corbine was sentenced in 2017, the district court calculated a total criminal history score of ten points under the sentencing guidelines. The court scored two points for commission of the offense while serving a criminal justice sentence. *See* USSG § 4A1.1(d) (Nov. 2016). Corbine's advisory guideline range for the assault offense was 51 to 63 months' imprisonment; the firearms offense carried a mandatory consecutive sentence of ten years' imprisonment. The district court sentenced Corbine to 60 months' imprisonment for the assault offense and 120 months on the firearms offense, to be served consecutively.

In 2023, the Sentencing Commission amended USSG § 4A1.1 to eliminate the provision adding two criminal history points for the commission of a federal offense while under a criminal justice sentence. USSG App. C., Amend. 821. Under the amended guideline, the court adds a single point if the defendant receives seven or more criminal history points and committed the instant offense while under any criminal justice sentence. *Id.* The Commission made this amendment retroactive. USSG § 1B1.10(d), p.s., comment. (n.7).

Corbine moved to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on the amendment to USSG § 4A1.1. He pointed out that if his sentence had been

---

[*]The Honorable Camela C. Theeler, United States District Judge for the District of South Dakota.

calculated under the current guidelines, then his advisory range for the assault offense would have been 41 to 51 months rather than 51 to 63 months. Corbine sought a reduction in sentence from 60 months to 48 months on the assault offense. The government agreed that Corbine was eligible for a reduction, but opposed the motion on the ground that the sentencing factors under 18 U.S.C. § 3553(a) and Corbine's post-sentencing conduct did not support a reduction.

The district court denied the motion. The court determined that Corbine was eligible for a reduction, but concluded that the original sentence was appropriate after considering "all of Corbine's conduct, including the seriousness of the instant offenses and the issues he has had while in custody, along with the other 3553(a) factors."

On appeal, Corbine argues that the district court abused its discretion by ignoring his rehabilitation efforts and giving undue weight to his history and characteristics, the nature and circumstances of the offense of conviction, and his post-sentencing conduct. A district court's decision to deny a sentence reduction is reviewed for abuse of discretion. *United States v. Boyd*, 835 F.3d 791, 792 (8th Cir. 2016).

II.

A district court must follow a two-step inquiry to determine whether a defendant's sentence should be reduced pursuant to a retroactive amendment to the sentencing guidelines. *Dillon v. United States*, 560 U.S. 817, 824-25 (2010). The court first determines whether a defendant is eligible for a reduction under the amended guidelines. *Id*. at 821. In the second step, the court may grant a reduction within the amended guidelines range "if it determines that one is warranted" after considering the applicable section 3553(a) factors. *Id*. at 822.

The parties do not dispute that Corbine was eligible for a sentence reduction under the amended USSG § 4A1.1(e).  Once a district court has determined that a defendant is eligible under step one, it has "substantial discretion" under step two in deciding whether to reduce the sentence.  *United States v. Burnell*, 2 F.4th 790, 792 (8th Cir. 2021).  Corbine contends that the district court abused its discretion at step two because it improperly weighed the factors under 18 U.S.C. § 3553(a).

First, Corbine contends the district court placed undue weight on his prior criminal history and characteristics.  The district court determined that Corbine's criminal history, including a prior conviction for burglary and possession of controlled substances, supported denying his motion for a reduced sentence.  Corbine argues that his prior criminal history was already accounted for in his original sentence, so the district court should not have considered his criminal history again when reviewing his motion for a sentence reduction.  But the guidelines instruct the district court to consider the § 3553(a) factors, including "the history and characteristics of the defendant," when determining whether a sentence reduction is warranted.  *See* USSG § 1B1.10, p.s., comment. (n.1 (B)(i)).  The district court has wide latitude to weigh these factors, and there was no abuse of discretion in considering Corbine's criminal history as a factor that weighed against a reduction.

Second, Corbine argues the district court abused its discretion by placing undue weight on the nature and circumstances of his offense.  The district court determined that the circumstances of the offense raised public safety concerns, because Corbine directed his sister to fire a gun at an officer during a high-speed chase in a residential area.  The guidelines instruct the district court to consider "the nature and circumstances of the offense" and the need for the sentence imposed "to protect the public from further crimes of the defendant."  *See* USSG § 1B1.10, p.s., comment. (n.1 (B)(i)); 18 U.S.C. § 3553(a)(1), (a)(2)(B).  The district court raised legitimate concerns about public safety, and the court did not abuse its discretion in determining that the circumstances of the offense weighed in favor of a 60-month sentence.

Third, Corbine contends that the district court placed undue weight on his post-sentencing conduct. A court may consider a defendant's post-sentencing conduct when reviewing a motion for a sentence reduction. USSG § 1B1.10, p.s., comment. (n.1(B)(iii)); *United States v. Darden*, 910 F.3d 1064, 1068 (8th Cir. 2018). The court found that Corbine had taken some positive actions, including obtaining his GED, but that he had been cited for possession of heroin, positive drug tests, assault without a serious injury, and refusal to obey an order. In light of this record, the district court did not abuse its discretion concluding that Corbine's post-sentencing conduct exhibited a continuing pattern of noncompliant behavior that militated against a reduction in sentence.

Finally, Corbine argues the district court failed to give significant weight to his post-sentencing rehabilitation efforts. A district court may consider rehabilitation evidence, but the court is not required to adjust a sentence based on such efforts. *United States v. Hernandez-Marfil*, 825 F.3d 410, 412 (8th Cir. 2016) (per curiam). The district court considered that "Corbine has taken some positive actions while in custody," but the court acted within its discretion to deny his motion despite these efforts.

In light of all the relevant circumstances, the district court did not abuse its discretion in denying Corbine's motion for a reduction in sentence. The order of the district court is affirmed.

_____